IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:08CR127-WKW |
| | ) |
| MICHAEL T. CHAPPELL | ) |

**ORDER**

Upon consideration of the government's petition to modify conditions of pretrial release (Doc. # 95) filed January 13, 2010, defendant's response to the motion (Doc. # 98) filed January 14, 2010, and the hearing on the petition held on January 15, 2010, and for good cause, it is

ORDERED that the petition is GRANTED to the extent that the conditions of defendant's release are hereby MODIFIED pursuant to 18 USC § 3146 to provide that:

1. Neither the defendant, nor anyone acting on his behalf or at his direction, may prepare, present, file, or otherwise be involved in any way with federal or state income tax returns for anyone other than himself or a valid dependent of his during the period of defendant's release.

2. Neither the defendant, nor anyone acting on his behalf or at his direction, may obtain or attempt to obtain an EFIN from the IRS during the period of defendant's release.[1]

It is further

---

[1] At the hearing on the petition, the court considered the possibility of imposing less restrictive conditions, as required by 8 USC § 3146. However, it has determined based on the evidence presented at the hearing that these restrictions are necessary to reasonably assure the safety of the community.

ORDERED that defendant's *pro se* "Motion to Stop Order and Demand a New Hearing" (Doc. #102) shall be STRICKEN from the record, as defendant is represented by counsel and the court has not authorized hybrid representation. See United States v. Tannehill, 305 Fed. Appx. 612 (11th Cir. 2008)(unpublished opinion)("We have repeatedly held that an individual does not have a right to hybrid representation. *See, e.g., Cross v. United States,* 893 F.2d 1287, 1291-92 (11th Cir.1990). Whether "to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." *United States v. LaChance,* 817 F.2d 1491, 1498 (11th Cir.1987). After reviewing the parties' briefs and the record, we conclude that the magistrate court did not abuse its discretion in refusing to allow Tannehill to act as his own co-counsel. Because Tannehill elected to be represented by counsel, the magistrate court properly struck his *pro se* motion for a polygraph examination."). The court notes, in addition: (1) that had it considered defendant's *pro se* motion, its ruling on the government's petition to modify conditions of pretrial release would not have changed, and (2) that, in the view of the undersigned, defendant received effective assistance of counsel during the hearing on that petition.

Done, this 19th day of January, 2010.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE