IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:08-CR-127-WKW [WO] |
| | ) |
| MICHAEL T. CHAPPELL | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on Defendant Michael T. Chappell's Motion for Review of Magistrate Judge's Order Granting the Government's Motion to Modify Defendant's Conditions of Pretrial Release. (Doc. # 107.) After careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that Mr. Chappell's motion is due to be denied in part and granted in part.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Chappell is charged with twenty-one counts of aiding or assisting in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206 and 18 U.S.C. § 2. (Superseding Indictment (Doc. # 66).) On July 1, 2008, the Magistrate Judge ordered Mr. Chappell's release on the following conditions: (1) Defendant shall not commit any offense in violation of federal, state, or local law; (2) Defendant shall immediately advise the court, defense counsel, and the United States Attorney of any change in address or telephone number; and (3) Defendant shall appear at all proceedings as required. (Doc. # 5.) On January 13, 2010, the Government moved to modify the conditions of release to prevent Mr. Chappell from (1) "prepar[ing], present[ing], fil[ing] or otherwise be[ing] involved in

any way with[] federal or state income tax returns for anyone other than himself or a valid dependent of his"; and (2) "obtain[ing] or attempt[ing] to obtain, an EFIN from the IRS." (Doc. # 95.) The Magistrate Judge granted the Government's motion and ordered the requested modifications. (Doc. # 103.) Pursuant to 18 U.S.C. § 3145(a), Mr. Chappell moved for review by this court of the Magistrate Judge's Order modifying the conditions of release. (Doc. # 107.)

## II. DISCUSSION

The Bail Reform Act of 1984 establishes the standard for pretrial release and detention. 18 U.S.C. §§ 3141, *et seq.* The Act essentially provides the court with three options: (1) release the defendant on personal recognizance, (2) release the defendant on specified conditions, or (3) detain the defendant. *See* 18 U.S.C. § 3142(a)(1)-(4). Here, the Magistrate Judge ordered release on specified conditions, pursuant to § 3142(c). Accordingly, the appropriate standard is the "least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c).

Mr. Chappell contends that the modified conditions of release are more restrictive than necessary to "reasonably assure . . . the safety of any other person and the community." *See* § 3142(c). Specifically, Mr. Chappell argues that "the only way the defendant's actions affect[] public safety is indirectly through, if the government's allegations are to be believed, a loss to the government in income tax revenue." (Def.'s Br. ¶ 7 (Doc. # 107).) He further

argues that less restrictive conditions could be imposed, such as requiring the IRS to review "each and every return before it is accepted to ensure the accuracy of the return" (Def.'s Br. ¶ 9), or prohibiting Mr. Chappell from "fil[ing] any taxes electronically" (Def.'s Br. ¶ 10).

As an initial matter, the danger to the community standard articulated in the Bail Reform Act is not limited to the danger of physical harm.  As noted by the Eleventh Circuit in *United States v. King*, the legislative history of the Bail Reform Act clearly indicates that "safety," as used in the Act, contemplates criminal activity beyond mere physical violence. 849 F.2d 485, 487 (11th Cir. 1988).  The report of the Senate Judiciary Committee is particularly instructive. It states, in relevant part, as follows:

> "The concept of defendant dangerousness is described throughout this chapter by the term 'safety of any other person or the community.' The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, *while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.* This principle was recently endorsed in *United States v. Provenzano* and *Andretta* [605 F.2d 85 (3rd Cir. 1979)], in which it was held that the concept of 'danger' as used in current 18 U.S.C. § 3148 extended to non-physical harms such as corrupting a union."

*Id.* at 487 n.2 (quoting Report of the Senate Committee on the Judiciary, S. Rep. No. 98-225, 98th Cong., 2d Sess. (1984) U.S. Code Cong. & Admin. News 3182, 3195-96 (emphasis added)).

Here, the Government sought to modify the conditions of pretrial release upon receiving information that Mr. Chappell was engaging in activities similar to the activities

3

that led to his arrest and twenty-one-count indictment. As discussed further below, a radio advertisement and an undercover phone call provided the bases for the Government's motion.

On or about December 14, 2009, Special Agent Louie E. Wilson, Jr. ("Special Agent Wilson") heard the tail-end of a radio advertisement promoting Mr. Chappell's income tax return preparation business, Rocket Refund. (Wilson Aff. 4 (Doc. # 95, Ex. 2).) The advertisement, which was scheduled to run 408 times between December 7, 2009, and March 7, 2010, identified Rocket Refund as the home of the "Big Money." (Wilson Aff. 7.) Notably, the advertisement solicited business from people holding jobs similar to the jobs listed on the allegedly fraudulent returns that served as the bases for the indictment, *i.e.*, jobs for which income can easily be manipulated, such as caregiving, babysitting, house cleaning, and hairstyling. (Wilson Aff. 5, 7.)

On December 18, 2009, an undercover IRS Agent called Rocket Refund and identified herself as a babysitter with one dependent. (Wilson Aff. 5.) Mr. Chappell told the undercover agent that she would need to fill out a cash journal, which would provide her with an earned income credit. (Wilson Aff. 5.) Mr. Chappell further informed the undercover agent that one dependent was worth $2,500 and two dependents were worth $5,000. (Wilson Aff. 6.) Mr. Chappell provided this information to the undercover agent without knowing how much income she intended to report. (Wilson Aff. 5-6.) According to Special Agent Wilson, one's income necessarily determines whether one is eligible for an earned income credit and how much a dependent is "worth." (Wilson Aff. 5-6.) Special Agent Wilson was

4

thus led to believe that Mr. Chappell had a pre-determined income figure in mind and that he intended to prepare fraudulent tax returns by using that pre-determined figure.

Based on the foregoing, the court finds that there exists a "'danger that the defendant might engage in criminal activity to the detriment of the community.'" *King*, 849 F.2d at 487 n.2 (quoting Report of the Senate Committee on the Judiciary, *supra*). "Often it is economic or pecuniary interests of a community rather than physical ones which are most susceptible to repeated danger by a released defendant." *United States v. Harris*, 920 F. Supp. 132, 133 (D. Nev. 1996). Thus, the court finds that preventing Mr. Chappell from obtaining an EFIN, from preparing, presenting, or filing income taxes, and from assisting in preparing, presenting, or filing income taxes is "reasonably necessary . . . to assure the safety of . . . the community." 18 U.S.C. § 3142(c)(1)(B).

However, the court further finds that the language preventing Mr. Chappell from "otherwise be[ing] involved in any way with federal or state income tax returns," is not the "least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure . . . the safety of any other person and the community." § 3142(c). Mr. Chappell was charged in the superseding indictment solely with aiding and assisting in the "preparation, and presentation" of fraudulent tax returns. (Superseding Indictment.) Mr. Chappell is not charged with conduct related to assisting in tax audits. Furthermore, it is unnecessarily restrictive to prevent Mr. Chappell from "orienting" potential buyers to his business, should he seek to sell the business. Such conduct is not the alleged conduct that served as the bases

5

for the indictment, and such conduct does not threaten the safety of the community in the same way that aiding or assisting in the preparation of tax returns does. Thus, to the extent the modified condition preventing involvement "in any way with federal or state income tax returns" could be interpreted to prevent Mr. Chappell from lawfully assisting with tax audits or lawfully selling his business, Mr. Chappell's motion is due to be granted.

### III. CONCLUSION

Upon consideration of Mr. Chappell's motion to review the Magistrate Judge's Order modifying the conditions of release (Doc. # 107), it is ORDERED as follows:

(1) The motion to review and amend the Magistrate Judge's Order that "[n]either the defendant, nor anyone acting on his behalf or at his direction, may prepare, present, [or] file . . . federal or state income tax returns for anyone other than himself or a valid dependent of his during the period of [the] defendant's release" is DENIED;

(2) the motion to review and amend the Magistrate Judge's Order that "[n]either the defendant, nor anyone acting on his behalf or at his direction, may obtain or attempt to obtain an EFIN from the IRS during the period of [the] defendant's release" is DENIED; and

(3) the motion to review and amend the Magistrate Judge's Order preventing Mr. Chappell from "otherwise be[ing] involved in any way with federal or state income tax returns" is GRANTED, to the extent this condition prevents Mr. Chappell from lawfully assisting in tax audits or lawfully selling his business.

DONE this 24th day of February, 2010.

                                      /s/   W.  Keith Watkins
                              UNITED STATES DISTRICT JUDGE